IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 5555 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| CHICAGO HOUSING AUTHORITY, ) | |
| an Illinois Municipal Corporation, ) | |
| LAKEFRONT SRO CORPORATION ) | |
| & SUPPORTIVE HOUSING, and ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOUSING AND URBAN ) | |
| DEVELOPMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The only remaining claims in this civil rights lawsuit are Janice Thomas' claims against the Chicago Housing Authority ("CHA"), Lakefront SRO Corporation ("Lakefront") and the U.S. Department of Housing and Urban Development ("HUD") for allegedly terminated her lease on the basis of race in violation of 42 U.S.C. § 1982 and her claims against Lakefront for allegedly falsely arresting her in violation of 42 U.S.C. § 1983.[1] Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. For the reasons set forth below, the Court grants the motion and hereby terminates this case.

---

[1] *See generally Thomas v. Butzen*, No. 04 C 5555, 2005 WL 2387676 (N.D. Ill. Sept. 26, 2005) (ruling on motion to dismiss).

## Facts

The following facts are undisputed due to Thomas' failure to comply with Local Rule 56.1, despite her being warned about the consequences of such failure. (*See* Defs.' Joint Notice Pro Se Litigant Opposing Mot. Summ. J. 1-2.) Thomas merely provided a memorandum in opposition to the defendants' summary judgment motion, an unsworn affidavit of Keith Richardson, which does not comply with Rule 56(e), a chart of Lakefront properties that lacks foundation, and copies of her brief in opposition to defendants' motion to dismiss and this Court's Memorandum Opinion and Order ruling on the motion to dismiss.

Thomas, a black female, is a former tenant of Lakefront, and resided in Unit 303 of an apartment building located at 4626 N. Magnolia in Chicago ("Magnolia Apartments"). (Defs.' LR56.1(a)(3) Stmt. ¶ 26.) Lakefront is a non-profit organization that operates and provides single-room-occupancy housing and supportive services to men and women who would otherwise be homeless. (*Id.* ¶ 27.) Neither CHA nor HUD owns, maintains, manages, controls or has any rights or interests in the property located at the Magnolia Apartments. (*Id.* ¶¶ 7-16.) Neither CHA nor HUD has any role or responsibility in the eviction process or termination of leases at the Magnolia Apartments. (*Id.* ¶¶ 17-23.)

On January 13, 2001, Thomas threatened to spray mace at a desk clerk at the Magnolia Apartments. (*Id.* ¶ 28.) The Chicago police officers arrested her as a result of this incident. (*Id.*)

On October 28, 2003, Lakefront filed a complaint in state court for possession of Thomas' unit at the Magnolia Apartments. (*Id.* ¶ 33.) Lakefront filed the complaint because Thomas had failed to submit her required applications to re-certify for government subsidized housing. (*Id.* ¶ 34.) Because of Thomas' failure, Lakefront was not receiving payment for

Thomas' monthly rent from any government agency or from Thomas. (*Id.* ¶ 35.) Lakefront did not consider Thomas' race in its decision to seek possession of her unit. (*Id.* ¶ 36.)

On February 17, 2004, the state court granted Lakefront an order of possession for Thomas' unit at the Magnolia Apartments, and on March 17, 2004, that court entered an order of eviction as to Thomas. (*Id.* ¶ 36.) After Thomas was evicted, she has not applied for rental housing at Lakefront. (*Id.* ¶ 37.)

## Discussion

Rule 56(c) allows the court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In considering the evidence submitted by the parties, the court does not weigh it or determine the truth of asserted matters. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The court "must view the facts, and all reasonable inferences drawn therefrom, in a light most favorable to the nonmoving party." *Baron v. City of Highland Park*, 195 F.3d 333, 337 (7th Cir. 1999). If a reasonable jury could not find for the party opposing the motion, it must be granted. *Seshadri v. Kasraian*, 130 F.3d 798, 804 (7th Cir. 1997).

First, defendants move for summary judgment as to Thomas' claims under 42 U.S.C. § 1982. Section 1982 provides that "[a]ll citizens of the United States shall have the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. The Act "bars all racial discrimination, both private and public, in the sale or rental of property." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91,

3

128 (1979). To prove a section 1982 claim, plaintiff must establish that: "(1) she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination deprived the plaintiff of one or more of the rights enumerated in [s]ection 1982." *Washington ex rel. Washington v. DeYoung*, No. 03 C 3161, 2004 WL 1718448, at *5 (N.D. Ill. July 29, 2004). A plaintiff may also prove a section 1982 claim by establishing that the defendant deprived her of one or more of the rights enumerated in section 1982 in retaliation for her advocating against race discrimination. *See Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 237 (1969).

Defendants CHA and HUD argue that, as to them, Thomas has failed to establish a genuine issue as to a material fact regarding their liability under section 1982. The Court agrees.

It is undisputed that neither CHA nor HUD owns, maintains, manages, controls or has any rights or interests in the property located at the Magnolia Apartments. (Defs.' LR56.1(a)(3) Stmt. ¶¶ 7-16.) It is also undisputed that neither CHA nor HUD has any role or responsibility in the eviction process or termination of leases at the Magnolia Apartments. (*Id.* ¶¶ 17-23.) Thomas has not provided any factual support that comports with Rule 56(e) and merely provides her own unsworn speculation that CHA and HUD had any involvement in the termination of her lease. (*See* Pl.'s Mem. Law Opp'n Defs.' Summ. J. Mot. ("Pl.'s Mem. Opp'n"); Pl.'s Ex. 1, Chart of LAK Sites; *id.*, Ex. 2, Affidavit of Keith Richardson (unsworn).) Given the undisputed facts, the Court holds that no rational jury could find for Thomas, and thus, it grants CHA and HUD's motion for summary judgment.

Lakefront also argues that, based on the undisputed facts in the record, it should be granted summary judgment as to Thomas' section 1982 claim. The Court agrees.

4

Because it is undisputed that: (1) Lakefront did not consider Thomas' race in its decision to seek possession of her unit (Defs.' LR56.1(a)(3) Stmt. ¶ 36) and (2) Lakefront's motivation for seeking possession of Thomas' unit was that she had failed to submit her required applications to re-certify for government subsidized housing (*id.* ¶ 34) and thus Lakefront was not receiving payment for her monthly rent from any government agency or from her (*id.* ¶ 35), no rational jury could find in Thomas' favor regarding a section 1982 claim based on discrimination or retaliation.

Although Thomas attempts to explain her side of the story in her response brief and further states that she "documented all of this," she failed to supply the Court with any sworn affidavit, declaration, deposition testimony or evidence to support her section 1982 claim. (*See* Pl.'s Mem. Opp'n 8.) Unfortunately for Thomas, this lack of support dooms her claim. *See Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005) ("To defeat a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in his pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial.") (quotation omitted).

Lastly, Lakefront moves for summary judgment as to Thomas' section 1983 false arrest claim and argues that it is barred by the statute of limitations, or in the alternative, that it is barred by the doctrine of res judicata. Contrary to Lakefront's assertion otherwise, "because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)." *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004); *see also Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). However, such an argument

5

is appropriate at the summary judgment stage. *See, e.g., Etheridge v. U.S. Army*, No. 01 C 8120, 2002 WL 31248473, at *2 (N.D. Ill. Oct. 4, 2002).

In section 1983 actions, federal courts borrow Illinois' two-year statute of limitations for personal injury violations. *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996); *see* 735 Ill. Comp. Stat. 5/13-202.[2] However, "the accrual date of a [section] 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007). "[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action." *Id.* (quotations omitted). Thus, "false arrest claims accrue at the time of arrest." *Wallace v. City of Chi.*, 440 F.3d 421, 423 (7th Cir. 2006), *aff'd*, 127 S. Ct. at 1095.

It is undisputed that on January 13, 2001, the Chicago police officers arrested Thomas because she threatened to spray mace at a desk clerk at the Magnolia Apartments. (Defs.' LR56.1(a)(3) Stmt. ¶ 28.) Thomas' false arrest claim accrued on that date. Because Thomas did not file the instant lawsuit alleging false arrest until August 24, 2004, over a year and a half after the two-year statute of limitations had run, the Court grants Lakefront's motion for summary judgment as to Thomas' section 1983 claim on statute of limitations grounds. Accordingly, the Court need not address Lakefront's argument that the claim is barred by *res judicata*.

---

[2]While federal courts also borrow the state's tolling provisions, *Johnson v. Rivera* 272 F.3d 519, 521 (7th Cir. 2001), plaintiff does not argue that tolling is appropriate, and therefore that argument has been waived. Even if the Court were to hold that she had properly raised a tolling argument, which she has not, due to the extreme delay in filing the instant complaint, tolling would not save her claim.

## Conclusion

For the reasons stated above, the Court grants defendants' joint motion for summary judgment [doc. no. 128]. This case is hereby terminated.

**SO ORDERED.**	ENTERED: 3/9/07

*[signature]*
HON. RONALD A. GUZMAN
United States District Judge